TYC 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00117-CV







Texas Youth Commission, Appellant



v.



Jeanie Kay Givens and Bobby Wayne Givens, Appellees








FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 133,576-B, HONORABLE RICK MORRIS, JUDGE PRESIDING








 Appellees, Jeanie Kay Givens and Bobby Wayne Givens, brought suit against
appellant Texas Youth Commission ("TYC") under the Texas Tort Claims Act. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.001 et seq. (West 1986 & Supp. 1996). TYC moved for
summary judgment on the basis of official immunity, among other things. The district court
denied the portion of TYC's motion for summary judgment that was based on the affirmative
defense of official immunity. This is an interlocutory appeal of this denial. We will affirm. 



BACKGROUND


 We will view the facts in the light most favorable to the nonmovant. On April 19,
1990, Kay Givens, while standing in her backyard in Maxdale, Texas, was approached by Jimmie
Cooper who asked her for directions to Killeen. As Givens turned and pointed in the general
direction of Killeen, Cooper grabbed her and dragged her through the back door of the house. 
Despite her attempts to resist and escape, Givens was raped. Cooper then forced Givens to drive
him in her car to Killeen, but Givens was able to escape when they stopped for gas at a
convenience store. Givens called the authorities, and Cooper, who had fled with Givens' car, was
later captured and arrested. 

 At the time of the incident, Cooper was a youth under the care and control of the
TYC which had been holding him at the maximum security facility in Giddings, Texas. On April
19, 1990, Cooper escaped from the Parrie Haynes Ranch, a minimum security facility in Bell
County used by the TYC for supervised recreational outings, and hid inside the Givenses' home
until Kay Givens returned from work. 

 At the time, Cooper's record included criminal trespassing, threatening a police
officer with a weapon, drug use, probation violations, damaging school property, and aggravated
sexual assault. Cooper had received a ten year prison term which was "undetermined" until he
reached his 18th birthday, but in November 1989, the court granted TYC's request to place
Cooper under its control and to reduce the unexpired portion of his sentence to a shorter
"determined" length of time.

 As a result of this incident, the Givenses brought various causes of action against
TYC including causes based upon premise defects, condition of property, use of property, failure
to replace inappropriate property, failure to supervise property, failure to furnish appropriate
property or misuse of property, and "active negligence." TYC filed a motion for summary
judgment, asserting among other things, the defense of official immunity. The district court
granted certain parts of TYC's motion, but denied that portion based upon official immunity.



DISCUSSION


 Texas procedure provides that appeals may only be had from final orders or
judgments. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Interlocutory orders
are appealable only if specifically authorized by statute. Id. Section 51.014 of the Texas Civil
Practice and Remedies Code is one such statute that allows appeal of various interlocutory orders,
including an order that "denies a motion for summary judgment that is based on an assertion of
immunity by an individual who is an officer or employee of the state or a political subdivision of
the state." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (West Supp. 1996). 

 TYC's sole point of error in this interlocutory appeal complains that the trial court
erred in denying TYC's motion for summary judgment based on official immunity. TYC claims
that it is entitled to raise the defense of sovereign immunity because Stan DeGerolami, in his
capacity as Assistant Superintendent of the Giddings State School, was entitled to official
immunity. 

 Section 101.021 of the Texas Civil Practices and Remedies Code provides:


A governmental unit in the state is liable for:

 

(1)  property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within his scope
of employment if:

 

 (A)  the property damage, personal injury, and death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and 

 

 (B)  the employee would be personally liable to the claimant according to
Texas law; and 


(2)  personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be liable
to the claimant according to Texas law.



Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 1986).

 Official immunity protects individual governmental officials from liability, while
sovereign immunity protects governmental entities from liability. Dewitt v. Harris County, 904
S.W.2d 650, 653 (Tex. 1995); see Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 592-93
(Tex. App.--Austin 1991, writ denied) (governmental unit is immune from liability absent
constitutional or statutory provision waiving immunity). If an employee of the governmental unit
is protected from liability by official immunity, the governmental unit's sovereign immunity under
subsection 1 of section 101.021 remains intact. DeWitt, 904 S.W.2d at 653. When the liability
is based on a governmental employee's use or misuse of tangible personal or real property under
subsection 2 of section 101.021, the employee's official immunity also passes through to the
governmental entity. Id. at 654. But, "sovereign immunity, based on a finding of official
immunity on behalf of an employee of a governmental unit, does not exist for claims asserted
under subsection 2 . . . regarding a condition of tangible personal or real property." City of
Corinth v. Gladys, 916 S.W.2d 618, 623 (Tex. App.--Fort Worth 1996, no writ h.) (emphasis
added). 

 TYC claims that underlying each of the causes of action asserted by the Givenses
is the allegation that TYC was negligent in allowing Cooper to attend the outing at the Parrie
Haynes Ranch. TYC, however, improperly restructures the Givenses' causes of action. The
Givenses alleged seven causes of action or counts which are listed above. TYC only appeals the
denial of that portion of its motion for summary judgment concerning official immunity. Thus,
we will not address that portion of the denial of TYC's motion for summary judgment relating to
premise defects (plaintiffs' Count I) or to condition of property (plaintiffs' Count II) because
sovereign immunity based on a claim of official immunity by an employee of TYC does not exist
for those two causes involving a condition or tangible personal or real property under section
101.021(2) of the Texas Tort Claims Act. See id. Thus, our analysis on appeal will only address
TYC's arguments as they pertain to the Givenses' remaining five causes of action. 

 We apply the same standard of review for the denial of a summary judgment as for
the granting of a summary judgment. The movant has the burden of establishing that there are
no genuine issues of material fact and that it is entitled to judgment as a matter of law. Randall's
Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing the summary
judgment, we indulge every reasonable inference in favor of the nonmovant and resolve any
doubts in its favor. Id.; Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex.
1985). Evidence favorable to the nonmovant must be taken as true. Randall's Food Markets, 891
S.W.2d at 644; Nixon, 690 S.W.2d at 549.

 A defendant as movant is entitled to summary judgment if it disproves at least one
element of each of the plaintiff's causes of action as a matter of law or if it conclusively
establishes all elements of an affirmative defense as a matter of law. City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Official immunity is an affirmative defense. Id. 
"Government employees are entitled to official immunity from suit arising from the performance
of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope
of their authority." Id.

 We must first identify which employees' actions to examine in light of the summary
judgment evidence. Fort Bend County v. Heikkila, No. 1-96-1228-CV, slip op. at 5 (Tex.
App.--Houston [1st Dist.] April 4, 1996, no writ h.). In looking at the Givenses' live petition in
this case, however, we note that it fails to name a specific TYC employee. Thus, it was necessary
for TYC to either specially except to the vagueness of the petition in order to determine which
employees were allegedly guilty of wrongdoing (and then allege and prove the defense of official
immunity) or present summary judgment evidence that each employee connected with the alleged
wrongdoings was entitled to official immunity. See id. at 5-6. 

 TYC improperly characterizes the Givenses' vague petition as including underlying
allegations against Stan DeGerolami, the Assistant Superintendent of the Giddings State School,
and then attempts to establish its right to sovereign immunity through DeGerolami's official
immunity. The summary judgment evidence indicates that multiple TYC employees were
involved in the events in question and generally addresses their actions. The evidence does not,
however, establish that each of those employees was entitled to official immunity. As a result,
TYC failed to prove that it is entitled to sovereign immunity based on the official immunity of its
employees as a matter of law. See id. at 6. We overrule TYC's point of error.




CONCLUSION


 We affirm the trial court's denial of the portion of TYC's motion for summary
judgment concerning official immunity.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Aboussie and Kidd 


Affirmed


Filed: July 3, 1996


Publish