**CITY OF BEVERLY HILLS, Appellant,**

v.

**David GUEVARA, Appellee.**

No. 10–94–203–CV.

Court of Appeals of Texas,
Waco.

Oct. 19, 1994.

Rehearing Overruled Nov. 9, 1994.

David G. Tekell, Naman, Howell, Smith & Lee, Waco, for appellant.

Darren Obenoskey, Andrews & Associates, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

David Guevara filed suit under the Texas Tort Claims Act against the City of Beverly Hills ("City") alleging that Michael York, a city police officer, negligently caused him injury in the course of handcuffing him. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.001–101.109 (Vernon 1986 & Supp.1994). Guevara did not sue York individually.

The City filed a motion for summary judgment on the basis of sovereign immunity. The City asserted, among other theories, that because York's qualified immunity as a police officer inured to the City's benefit, it is immune from liability.[1] The trial court denied the motion.

### EXTENSIONS OF TIME IN ACCELERATED APPEALS

The City timely filed its appeal bond. It then filed a "Motion to Extend Time for Filing Statement of Facts" asking for an extension to file the transcript. We did not rule on the motion, and the transcript was filed seven days late. On the date its brief was due, the City filed a motion for an extension of time to file its brief, requesting a twenty-day extension. We did not rule on the motion. The City subsequently tendered a brief. Likewise, Guevara requested an extension of time to file his response brief. Again, we did not rule on the motion. Guevara tendered a response brief prior to submission.

Rule 42 of the Rules of Appellate Procedure controls the timetable for accelerated appeals. TEX.R.APP.P. 42. In all accelerated appeals, the bond must be filed within twenty days after the judgment or order is signed. *Id.* 42(3). This requirement is jurisdictional, and an appellate court is without jurisdiction to consider a late-filed bond or a motion to extend the time for filing a bond. *Revier v. Spragins,* 810 S.W.2d 298, 302 (Tex. App.—Fort Worth 1991, no writ); *NCNB Nat'l Bank of Texas v. Erwin,* 769 S.W.2d 655, 655 (Tex.App.—Corpus Christi 1989, no writ).

In an accelerated appeal, the record "shall" be filed within thirty days after the judgment or order is signed, and the appellant's brief "shall" be filed twenty days after the record is filed. TEX.R.APP.P. 42(3). Rule 42(3) is not clear on the effect of a late-filed brief or record:

> Failure to file either the record or appellant's brief within the time specified, *unless reasonably explained,* shall be ground for dismissal or affirmance under Rule 60, but *shall not affect* the court's jurisdiction or *its authority to consider material filed late.*

*Id.* (emphasis added). Although the rule contemplates a party "reasonably explaining" the failure to timely file the record or brief, it does not contain a specific mechanism for an extension. Unlike Rule 54(c)—which provides that a motion for extension of time in an ordinary appeal may be filed within fif-

---

1. We do not reach any other theory because our jurisdiction in interlocutory appeals from the denial of a summary judgment is limited to those based on an individual's assertion of official immunity. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1994); *Boozier v. Hambrick,* 846 S.W.2d 593, 596 (Tex.App.—Houston [1st Dist.] 1993, no writ).

teen days of the due date—Rule 42 has no provision for extensions of time. *Id.* 54(c).[2]

■ As we interpret Rule 42, the court does not have authority to grant extensions of time to file the record or the briefs. If the record or briefs are late, we may dismiss or affirm under Rule 60. *See id.* 60. However, if the tardiness of the filing is "reasonably explained," the court may, in its discretion, "consider the material late filed." *Id.* 42(3). Not allowing extensions furthers the overall purpose of the special rule for interlocutory appeals: appeals designated as "accelerated" should be concluded at the earliest possible time.[3]

In the exercise of our discretion under Rule 42(3), we have considered the late-filed transcript and briefs.

### WAIVER OF SOVEREIGN IMMUNITY

#### THE STATUTE

■ Generally, governmental units enjoy immunity from tort liability unless that immunity has been waived by the provisions of the Texas Tort Claims Act (TTCA). *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–101.109. Section 101.021 expressly waives sovereign immunity in certain instances:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible property or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021. Thus, subsections one and two of section 101.021 provide separate and distinct requirements before the sovereign immunity of a governmental unit is waived.

#### SUBSECTION ONE

■ Under subsection one, if the negligent employee is liable to the claimant for the negligent operation or use of a motor-driven vehicle or equipment, the governmental unit's sovereign immunity is waived and it is also liable. However, if the employee is individually protected by official immunity[4], the employee is *not* "personally liable to the claimant according to Texas law," and the governmental unit's sovereign immunity is not waived. *Id.* § 101.021(1); *see, e.g., Le-Leaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex.1992). Thus, a governmental unit is not liable under subsection one when the employee enjoys official immunity.

#### SUBSECTION TWO

Subsection two, however, contains different language. The governmental unit's liability in a "condition or use" case is not conditioned on the employee's personal liability. Rather, the governmental unit's sovereign immunity is waived "if the governmental unit would, *were it a private person*, be liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (emphasis added). Although many courts have struggled with the interpretation of the "condition or use" language in subsection two, few have looked at the "private person" language.

---

2. By contrast, in ordinary appeals, we have no authority to consider late-filed transcripts or statements of fact unless the appealing party has complied with Rule 54(c). *See* TEX.R.APP.P. 54(a).

3. We considered late-filed materials in *Merrill Lynch v. Eddings*, 838 S.W.2d 874 (Tex.App.—Waco 1992, writ denied). We "granted" a motion to "file the record late" because it had not been "filed." Subsequently, the Supreme Court reiterated the rule that "a document is 'filed'

when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993).

4. "Governmental employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).

### Harris County v. DeWitt

The Fourteenth Court of Appeals, in an *en banc* decision, analyzed the differences in subsections one and two. *Harris County v. DeWitt*, 880 S.W.2d 99, 101 (Tex.App.—Houston [14th Dist.] 1994, writ filed). The majority determined that the public policy behind the "private person" language in subsection two was to ensure that the State did not "enjoy the disparate treatment of escaping liability for its negligence when other entities in the same field are held accountable." *Id.* at 103. When the State acts as a private employer—*e.g.*, in administering a hospital, mental health institution, or educational institution—it may be liable as would a private entity. *Id.* The court found that the policy behind the TTCA is fulfilled by "inspiring governmental entities to maintain the same kind of safe and efficient services required of comparable providers in the private sector." *Id.*

The majority in *DeWitt*, however, found no comparable policy served in the "unique employment situation of a police officer." *Id.* Because of the paramount importance of police work, public policy demands that officers be able to carry out their duties without fear of personal liability. Therefore, peace officers enjoy official immunity from negligence arising out of their discretionary acts performed in the line of duty and in good faith. *Id.*

An individual officer's official immunity is not waived by the TTCA, and the court found no public policy would be served by imposing liability on the police officer's employer when the officer is granted official immunity. *Id.* at 104; TEX.CIV.PRAC. & REM.CODE ANN. § 101.026. Otherwise, the officer would retain individual immunity, but the municipality would be liable. Because no "private person" is charged with providing the critical public service of a police department, the court determined that the "private person" language of section 101.021(2) does not apply to "condition and use" cases arising from police activity. *DeWitt*, 880 S.W.2d at 104.

The *DeWitt* majority held, as a matter of law, that Harris County could not be held liable under section 101.021(2) when its employee enjoys official immunity because the "private person" language in subsection two does not apply to the unique policy grounds supporting official immunity for police officers:

> The unique functions and obligations of a police officer have allowed such employees the benefit of official immunity from suit when their actions are alleged to be negligent, so long as their actions meet the three-prong test established for finding official immunity....

*Id.* at 101.

The dissent, however, argued that "[t]he language of section 101.021(2) unequivocally provides a different standard than that of section 101.021(1) with regard to the governmental entity's liability.... Had the legislature intended to have the same standard for both subsections (1) and (2), [it] would have used identical language." *Id.* at 110 (Brown, C.J., dissenting).

Chief Justice Brown agreed that official immunity allows individual police officers discretion in performing their duties without incurring personal liability. *Id.* at 108. However, he noted that official immunity and sovereign immunity are two distinct doctrines created to further very different goals. *Id.* Official immunity has no bearing on determining whether the government has waived its sovereign immunity, except when the legislature has expressly incorporated official immunity into the TTCA—as it has in section 101.021(1). *Id.*

Believing that sovereign immunity is waived under section 101.021(2), Chief Justice Brown would apply the doctrine of respondeat superior. *Id.* at 111. Thus, if the employee—although the beneficiary of official immunity—causes personal injury or death by a condition or use of tangible personal or real property, respondeat superior renders the governmental entity liable as if it were a "private person." *Id.*

### City of Columbus v. Barnstone

The First Court of Appeals also addressed subsection two in *City of Columbus v. Barnstone*, No. 01–94–00260–CV, 1994 WL 481619 (Tex.App.—Houston [1st Dist.] September 8, 1994, n.w.h.). The Court relied on the dis-

sent in *DeWitt* and dismissed an interlocutory appeal from the denial of a summary judgment after the City relied on the official immunity of its police officer employees. *Id.,* slip op. at 4. The opinion recites that, because the motor vehicle in question was not driven by the police officers, subsection one did not apply and the case was being decided under subsection two. *Id.* at 3. The Court concluded, "A claim under subsection two is not barred because of the official immunity of one or more of [a city's] employees." *Id.* at 4.

### other cases

Confusion between subsections one and two of section 101.021 is prevalent and the concepts have been intermingled. One such case involved the alleged wrongful shooting of two pit bulls by a city employee. *City of Houston v. Kilburn,* 838 S.W.2d 344 (Tex. App.—Houston [14th Dist.] 1992), *writ denied per curiam,* 849 S.W.2d 810 (Tex.1993). *Kilburn* does not appear to be a "motor-driven vehicle or motor-driven equipment" situation falling under section 101.021(1). However, the Supreme Court, in denying the application for writ of error, cites section 101.021(1) for the proposition that the State may be liable if its employee is personally liable. *Kilburn,* 849 S.W.2d at 812. The Court also said, "conversely," if an employee is protected from liability by qualified immunity, the governmental unit's sovereign immunity remains intact. *Id.*

The Court cites two cases from this court for that proposition. *Id.* In *Wyse v. Department of Public Safety,* 733 S.W.2d 224 (Tex. App.—Waco 1986, writ ref'd n.r.e.), the plaintiffs sued the DPS and its individual officers for their wrongful termination "caused by some condition or use of tangible property—namely, a polygraph machine." *Id.* at 228. We found the officers not liable based on official immunity. As to the DPS, we found that the plaintiff's allegations fell outside the purview of the TTCA—thus the Department's sovereign immunity had not been waived. In dicta, we further stated that, because the individual officers had official immunity, the DPS was not liable. *Id.*

*Carpenter v. Barner* held that a county was not liable under the TTCA because the individual employee was covered by official immunity as a matter of law. *Carpenter v. Barner,* 797 S.W.2d 99, 102 (Tex.App.—Waco 1990, writ denied). In *Carpenter,* a Johnson County constable had stopped Barner's vehicle for defective taillights. While both vehicles were stopped on the shoulder of the highway, another vehicle struck both Barner's and the officer's vehicles. Barner was severely injured. We cited section 101.021(1), although it is unclear whether the plaintiffs' claims arose under section 101.021(1) or (2). *Id.*

The Supreme Court has also discussed official and sovereign immunity in the recent case of *K.D.F. v. Rex,* 878 S.W.2d 589 (Tex. 1994) (orig. proceeding):

Official immunity in Texas is an affirmative defense to negligence claims against state employees that applies when employees exercise discretion in good faith while acting within the scope of their official authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650 (Tex.1994). Thus, Texas is vicariously liable for the acts of its employees only to the extent its employees are not entitled to official immunity. Moreover, section 101.021(1)(b) of the Tort Claims Act provides that Texas itself is liable for an employee's negligent operation of a motor vehicle only if "the employee would be personally liable to the claimant according to Texas law." *Cf.* TEX.CIV. PRAC. & REM.CODE § 101.021(2) (liability for "condition or use of tangible personal property" is conditioned upon the *state's* liability "were it a private person").

*Id.* at 597. Although we recognize the Court's broad statement to the effect that a governmental unit is not liable unless its employee is liable, we also recognize that the Court cites the "private person" language from subsection two and that the case was decided in a special-appearance context. *See id.*

### CONCLUSION

We agree with the decision in *Barnstone* and thus the dissent in *DeWitt. See Barnstone,* slip op. at 4; *DeWitt,* 880 S.W.2d at

110. Had the legislature wanted to provide the same standard in subsections one and two, it could easily have used the same language. We disagree, however, with the proposition that official immunity has *no* bearing on whether the Act waives sovereign immunity. Precisely because of official immunity, the words "were it a private person" are necessary in subsection two. "Private persons" do not have employees who enjoy official immunity. Recognizing that governmental entities do have such employees, the language "were it a private person" makes it clear that a governmental entity will be liable even though its employees retain official immunity.

■ We hold that, under section 101.021(2), whether the individual employee enjoys official immunity is not a relevant question in determining whether the State has waived its sovereign immunity. Thus, we determine that Officer York's potential qualified immunity does not preclude a waiver of sovereign immunity under the "condition or use" provision of section 101.021(2), *i.e.*, Guevara's claim against the City is not barred by York's potential official immunity. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.021(2).

JURISDICTION

■ Absent an express grant, appellate courts do not have jurisdiction to review interlocutory orders. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex.1990). Ordinarily, the denial of a motion for summary judgment cannot be appealed. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). However, section 51.014(5) of the Civil Practice and Remedies Code provides for an interlocutory appeal of the denial of a summary judgment "that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex.Civ. Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1994).

■ The First Court of Appeals concluded that a court of appeals has no jurisdiction

over an interlocutory appeal from the denial of a summary judgment when a governmental unit claims sovereign immunity under subsection two based on the official immunity of its employee. *Id.* § 101.021(2); *Barnstone*, slip op. at 4. We agree. Because the City of Beverly Hills, under section 101.021(2), can never benefit from Officer York's official immunity, it cannot avail itself of an interlocutory appeal under section 51.014(5), which is limited to the denial of a summary judgment "based on" official immunity.[5] We are without jurisdiction and must dismiss the appeal.

---

5. Because we are without jurisdiction, we do not reach the question of whether Guevara's claims actually arose from the "condition or use" of tangible property.