**Clara DeWITT Et Al., Petitioners**

v.

**HARRIS COUNTY, Texas, Respondent.**

No. 94–0782.

Supreme Court of Texas.

Argued March 21, 1995.

Decided June 22, 1995.

Rehearing Overruled Sept. 14, 1995.

Charles R. Houssiere, III, Randal A. Kauffman, and Eileen Fowler, Houston, for petitioners.

Mike Driscoll, Joan M. Denton, Sandra D. Hachem, Lana S. Shadwick, and David R. Hurley, Houston, for respondent.

On Application for Writ of Error to the Court of Appeals for the Fourteenth District of Texas

Justice ENOCH delivered the opinion of the Court in which Justices GONZALEZ, HIGHTOWER, HECHT and OWEN join.

The issue in this case is whether a governmental entity may have respondeat superior liability under section 101.021(2) of the Texas Tort Claims Act for the negligence of its employee when the employee possesses official immunity. We answer this question in the negative and affirm the judgment of the court of appeals.

In August 1982, Officer J.W. Huckeba, a deputy constable for Harris County, was working as a private security guard for a charity benefit at a cafe on Highway 6. Toward the end of his shift, there was a car accident on Highway 6 near the cafe involving a Mazda and a black Ford Thunderbird. The Mazda pulled off the road, but the Thunderbird remained stranded on the roadway. Officer Huckeba began investigating the accident and directing traffic by flashlight around the stalled Thunderbird. Eventually, he gave his flashlight to the cafe's manager to continue to direct traffic around the Thunderbird so he could attend to other tasks. Brenda and Richard Hopkins, Jr., riding on a motorcycle, crashed into the Thunderbird on the dark highway and died.

The Hopkins' daughter brought this wrongful death action against Officer Huckeba and Harris County. Her suit alleged several acts of negligence on the part of Officer Huckeba, including his failure to remove the Thunderbird from the roadway, failure to turn on the car's lights, giving the flashlight to a lay person to assist in directing traffic, and failure to warn other drivers of the Thunderbird's obstruction of the roadway. Her claim against the county was based solely on respondeat superior liability for the negligent acts of Officer Huckeba.

The jury found Richard Hopkins, Jr. and Officer Huckeba each 50% negligent. The trial court granted the county's motion for judgment notwithstanding the verdict in part, concluding that Officer Huckeba was entitled to official immunity, but entered judgment against the county. The court of appeals sitting *en banc* reversed the judgment against the county holding that public policy requires that the county not be liable under section 101.021(2) of the Tort Claims Act when its officers have official immunity. 880 S.W.2d 99.

■ The court of appeals determined that sovereign immunity is only waived when the governmental entity is performing a private function. 880 S.W.2d at 104. Because there is no private sector activity analogous to police work, the court of appeals held that the county maintained its immunity. The Texas Tort Claims Act offers no support for the court of appeals' conclusion that torts arising from police activity enjoy special immunity. The Legislature has made no pronouncement, for purposes of determining waiver under the Texas Tort Claims Act, regarding which governmental functions are exclusively governmental and which are private in nature. Official immunity inures to all governmental employees who perform discretionary functions in good faith and within their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). We agree that the county is not liable under section 101.021(2), but for reasons different than those expressed by the court of appeals.

■ In construing the Texas Tort Claims Act we are guided by three principles. First, waiver of sovereign immunity is a matter addressed to the Legislature. *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994) (citation omitted). Second, the Legislature must waive sovereign immunity by clear and unambiguous language. *Id.* Third, the Act must be construed to give effect to the object sought to be attained by the statute. *Id.*; TEX.GOV'T CODE § 311.023.

The limited waiver of sovereign immunity is set out in section 101.021 of the Texas Civil Practices and Remedies Code, which provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) *the employee would be personally liable to the claimant according to Texas law;* and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, *were it a private person, be liable to the claimant according to Texas law.*

TEX.CIV.PRAC. & REM.CODE § 101.021 (emphasis added). The parties agree that this case is governed by subsection 2 of section 101.021.[1]

■ DeWitt argues that, unlike subsection 1(B), liability under subsection 2 is not dependent upon the personal liability of the employee. Rather, she asserts, the county is liable under subsection 2 because, were it a private person, its employee would not be entitled to official immunity and it would be liable under respondeat superior.

While the courts of appeals have struggled with the interpretation of subsection 2 and reached conflicting conclusions, only recently have courts concluded that the governmental entity is liable even though the employee is entitled to official immunity. *See City of Beverly Hills v. Guevara*, 886 S.W.2d 833, 838 (Tex.App.—Waco 1994) relying on the reasoning of the dissent in *Harris County v. DeWitt*, 880 S.W.2d 99, *rev'd* 904 S.W.2d 655 (Tex.1995) (per curiam). Other courts, however, have held that because the employees were protected by official immunity the city was also protected. *City of Houston v. Newsom*, 858 S.W.2d 14, 19 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Eakle v. Texas*

---

1. DeWitt alleged that the Hopkins' deaths were caused by Officer Huckeba's "use" of the Thunderbird as an investigative tool, his flashlight, and his constable's uniform, badge and gun. The county conceded at trial and on appeal both that this "use" constitutes the use of "tangible personal property" and that it satisfies the causa- tion requirement of section 101.021(2). Because of the county's concession on these issues, we do not reach and express no opinion on whether Officer Huckeba's use of any of the items is a use of tangible personal property or whether the deaths were "so caused" by his use of any of the items.

*Dept. of Human Services,* 815 S.W.2d 869, 876 (Tex.App.—Austin 1991, writ denied) ("Because we affirm summary judgment in favor of the individual appellees based on the doctrine of official immunity, we do not reach the appellant's contention that the commissioners are liable under the doctrine of respondeat superior."). We are not persuaded by DeWitt's argument.

■ As we noted in *Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994), sovereign immunity and official immunity are to be distinguished. Official immunity protects individual officials from liability; sovereign immunity protects governmental entities from liability. *Id.* Whether the Texas Tort Claims Act waives sovereign immunity in a given case does not affect whether the governmental employee may assert official immunity as a defense. Tex.Civ.Prac. & Rem.Code § 101.026; *Kassen,* 887 S.W.2d at 8. On the other hand, whether the governmental employee is entitled to official immunity may affect whether the Texas Tort Claims Act's limited waiver of sovereign immunity is applicable.

■ Under subsection 1, a governmental entity may be liable for the torts of its employee arising from the operation or use of motor-driven vehicles or equipment if, among other things, the "employee would be personally liable to the claimant according to Texas law." Tex.Civ.Prac. & Rem.Code § 101.021(1)(B). If the employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity under subsection 1. *K.D.F. v. Rex,* 878 S.W.2d 589, 597 (Tex.1994); *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993).

The parameters of governmental liability under subsection 2, when the employee has official immunity, are not as clear. Subsection 2 provides for a waiver of sovereign immunity for injuries caused by a condition or use of either tangible personal property or real property. Tex.Civ.Prac. & Rem.Code § 101.021(2). There is no question that subsection 2 provides for governmental liability based on respondeat superior for the misuse by its employees of tangible personal property. In this regard, subsection 2 is like subsection 1, but it is also broader because it encompasses respondeat superior liability for the misuse of any tangible personal property, not just motor-driven vehicles or equipment. DeWitt argues that had the Legislature intended to limit the governmental unit's liability to only those situations in which its employee is personally liable, it would have included the same limiting language of subsection 1(B) in subsection 2. We disagree.

DeWitt's argument is founded on the familiar canon of construction that "when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." 2A Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992). Having said that, though, does not lead to the conclusion DeWitt supposes.

As mentioned, subsection 2 is broader than subsection 1 in that it encompasses governmental liability based on respondeat superior for misuse of tangible personal property other than motor-driven vehicles and equipment. Subsection 2 is also broader because it encompasses governmental liability for a ***condition*** of real property or tangible personal property. Thus, in addition to liability based on principles of respondeat superior, subsection 2 includes governmental liability for premise defects. With premise defects, liability is predicated not upon the actions of the governmental unit's employees but by reference to the duty of care owed by the governmental unit to the claimant for premise and special defects as specified in section 101.022 of the Texas Tort Claims Act. Tex. Civ.Prac. & Rem.Code § 101.022. Because subsection 2 encompasses disparate bases for liability, one of which is not dependant upon the actions of any employee, the limiting language in subsection 1(B) would be inapposite in the context of subsection 2. Accordingly, its absence in subsection 2 does not require the conclusion that the Legislature intended something different for governmental liability based on respondeat superior under subsection 2 than was specified for governmental liability under subsection 1.

Furthermore, subsection 2, although it does not contain the same language as subsection 1(B), does include the proviso that the governmental unit is liable if it would, "were it a private person, be liable to the claimant according to Texas law." TEX.CIV. PRAC. & REM.CODE § 101.021(2). Consistent with subsection 1, we construe subsection 2 of section 101.021 to predicate the governmental unit's respondeat superior liability upon the liability of its employee.

■ When, as in this case, the governmental unit's liability under section 101.021(2) is based on respondeat superior for an employee's negligence arising from the misuse of tangible personal property, the liability is derivative or indirect. *Marange v. Marshall*, 402 S.W.2d 236, 239 (Tex.1966). Respondeat superior imposes liability on the employer that is responsible for the acts of his employee, acting in the scope of his employment, where the negligence of the employee is shown to have been the proximate cause of injury. *Id.* at 239.

■ Here, official immunity, like any other affirmative defense the employee may have, becomes relevant to the governmental entity's liability. To say that Harris County would be liable were it a private person because its employee would not be entitled to official immunity inverts the inquiry. More correctly, were it a private person, the county would be entitled to assert any affirmative defenses its employee has to liability. *Cameron Compress Co. v. Kubecka*, 283 S.W. 285, 287 (Tex.Civ.App.—Austin 1926, writ ref'd) (respondeat superior "declares the act of the servant to be the act of the master, and that which excuses or justifies the one will in like manner excuse and justify the other"); *McMurrey Corp. v. Yawn*, 143 S.W.2d 664, 666 (Tex.Civ.App.—Texarkana 1940, writ ref'd) (holding that defense of justification was not only available to employee but also to the employer). In this case, the affirmative defense is official immunity. It would serve no legislative purpose to declare a waiver of sovereign immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity.

We hold that the county is not liable under section 101.021(2) for the negligence of its employee when the employee has no liability because of official immunity. The judgment of the court of appeals is affirmed.

Justice GAMMAGE, joined by Chief Justice PHILLIPS, Justice CORNYN and Justice SPECTOR, dissenting.

The only issue in this case is whether Harris County, as an employer, may be held liable under the Texas Tort Claims Act for the negligence of its employee who personally enjoys official immunity under the Act. Although Officer Huckeba is entitled to immunity from liability, the language of the Texas Tort Claims Act section 101.021(2) does not provide an exception to Harris County's waiver of sovereign immunity. I dissent.

Section 101.021 of the Texas Tort Claims Act has two subsections. TEX.CIV.PRAC. & REM.CODE § 101.021. The first subsection establishes the requirements for holding a governmental unit liable for the negligent use or operation of a motor vehicle. *Id.* § 101.021(1). Under this subsection, a governmental unit can be liable only when the governmental employee would be personally liable to the claimant. *Id.* § 101.021(1)(B). By the express terms of this subsection, if the employee is immune from suit, the employer is also granted immunity. *Id.; City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993).

The second subsection, however, establishes a different standard for imposing liability on a governmental unit, and provides:

A governmental unit of this state is liable for:

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, *were it a private person*, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE § 101.021(2). Conspicuously absent in this subsection is any language conditioning a sovereign's liability on that of its employee. Subsection two unambiguously states that a governmental unit is liable to a claimant if it would be

liable as a "private person" under the same circumstances. Accordingly, if Harris County were a private entity, its responsibility for Officer Huckeba's negligent use of tangible personal or real property would be conditioned on the theory of respondeat superior. Recently, this Court wrote that "[i]f a plaintiff has a right of action against the government due to the state's waiver of sovereign immunity, this right is not affected by whether a governmental employee has official immunity." *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex.1994). The legislature purposefully placed the government on equal footing with any private person, corporation or entity which would otherwise be liable.

Subsection two, by its own clear terms, compels the conclusion that the employee's official immunity does not preclude liability of the governmental entity. The government's sovereign immunity and the employee's official immunity are distinct and serve different purposes. Official immunity protects individual officers from liability and allows them professional discretion in performing their duties without incurring personal liability. *Id.* The purpose of the waiver of sovereign immunity is to assure that society as a whole, rather than the injured individual, bears the risk of loss of injuries caused by negligence of public employees performing services for the entire community. Joe R. Greenhill, *Should Governmental Immunity for Torts be Re–Examined, and, If So, By Whom?*, 31 Tex.B.J. 1036, 1068 (1968).

The majority's creation of a "derivative" immunity for the sovereign premised exclusively on the employee's official immunity will have the practical effect of leaving many injured parties without redress. This is contrary to the legislative intent and purpose of the Tort Claims Act, which was promulgated to provide a limited and "capped" remedy to injured persons precisely because previously the governmental unit as well as the individual tortfeasor were immune from suit. The legislature intended that the Texas Tort Claims Act be "liberally construed to achieve the purposes hereof." *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169, 170 n. 2 (Tex.1989). The majority's holding is nothing less than judicial legislation amending the Act and extending immunity where it was not intended. *See Public Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988) ("We are not free to rewrite the statutes to reach a result we might consider more desirable, in the name of statutory construction.").

I dissent.