No. 04-01-00312-CV



Scott Ralph WHEELOCK,


Appellant



v.



Lee BEHRENS, Sheriff Francis Kaiser and Kerr County Sheriff's Dept.,


Appellees



From the 198th Judicial District Court, Kerr County, Texas


Trial Court No. 00-354-B


Honorable Charles Sherrill, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: January 30, 2002


AFFIRMED

 Scott Ralph Wheelock ("Wheelock") appeals a summary judgment granted on the basis of
sovereign and official immunity. Wheelock contends that factual issues precluded the trial court from
granting summary judgment. (1) We overrule Wheelock's issues and affirm the trial court's judgment.

Background


 Wheelock sued Deputy Lee Behrens for injuries Wheelock sustained during his transport from
the Kerr County Jail to the Bexar County Jail. The offense report stated that seven inmates were
being transported. Deputy Behrens assisted each of the inmates into the van because they were in
belly chains and leg irons. Upon arriving at the Bexar County Jail, Deputy Behrens assisted each of
the inmates in exiting the van. After Wheelock had safely exited the van, Deputy Behrens let go of
his arm. Wheelock slipped and fell as he attempted to step onto the sidewalk from the driveway.
Wheelock was given medical assistance and declined further treatment.

 Wheelock sued Deputy Behrens for negligence. Wheelock also sued Deputy Behrens's
supervisor, Sheriff Francis Kaiser, and Deputy Behrens's employer, the Kerr County Sheriff's
Department. The defendants filed a motion seeking summary judgment asserting both sovereign and
official immunity. The trial court granted the motion, and Wheelock timely filed this appeal.

Standard of Review


 When a defendant moves for summary judgment on an affirmative defense, like immunity, the
defendant must conclusively prove each element of the defense as a matter of law. City of Lancaster
v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). If the defendant meets this burden, the plaintiff
must then produce evidence raising a genuine issue of material fact in avoidance of the affirmative
defense. KPMG Peat Marwick v. Harrison County Finance Corp., 988 S.W.2d 746, 748 (Tex.
1999). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting
the non-movant. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). All
inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. Id. If
a trial court's order granting summary judgment does not specify the ground or grounds relied on for
the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are
meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).

Official Immunity


 One of the grounds asserted in the defendants' motion as a basis for summary judgment was
official immunity. Government officials are immune from liability for the performance of (1)
discretionary duties; (2) within the scope of their authority; (3) as long as they acted in good faith.
See City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). When official immunity
shields a governmental employee from liability, sovereign immunity shields the governmental
employer from vicarious liability. See DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995).

 An act is discretionary if it involves personal deliberation, decision, and judgment. Chambers,
883 S.W.2d at 654. In this case, Deputy Behrens was involved in transporting Wheelock from the
Kerr County Jail to the Bexar County Jail. Although the Kerr County Sheriff's Department had
promulgated certain policies and procedures regarding inmate transportation, the policies and
procedures left many decisions to the discretion of the officers. The affidavit of W. R. Hierholzer,
the current sheriff of the Kerr County Sheriff's Department, was introduced in support of the
summary judgment motion. Sheriff Hierholzer confirms that the manner of unloading the inmates was
left to Deputy Behrens's discretion. Therefore, Deputy Behrens was performing a discretionary act
when Wheelock fell and injured himself. See Scott v. Britton, 16 S.W.3d 173, 178 (Tex.
App.--Houston [1st Dist.] 2000, no pet.) (noting transportation of inmates involves discretionary
acts). Since Deputy Behrens was within the scope of his authority as a deputy sheriff in transporting
Wheelock, the only remaining issue is whether Deputy Behrens was acting in good faith.

 Good faith is established when it is proved that a reasonably prudent government official,
under the same or similar circumstances, could have believed that his actions were justified.
Chambers, 883 S.W.2d at 656. Once the defendant has met his burden of proof on good faith, the
plaintiff may attempt to controvert the existence of the defendant's good faith. But to avoid summary
judgment based on official immunity, the plaintiff carries a much higher burden of proof. In order to
raise a fact issue, a plaintiff is required to prove that no reasonable person in the defendant's position
could have thought the facts were such that they justified the defendant's acts. Id. at 657.

 In this case, the policies provided for Deputy Behrens to use a secure area, such as a sallyport,
to unload the inmates. Deputy Behrens complied with the policies by unloading Wheelock at a
sallyport. Deputy Behrens exercised good faith in assisting Wheelock from the van. Yellow paint
marked the step from the driveway to the sidewalk. Deputy Behrens and another officer attempted
to catch Wheelock as he fell, but they were unable to do so. After reciting these facts, Sheriff
Hierholzer stated in his affidavit that Deputy Behrens acted in good faith and as a reasonable prudent
officer would have acted under the same or similar circumstances. In response to this evidence,
Wheelock failed to present any evidence to prove that no reasonable person in Deputy Behrens's
position could have thought the facts were such that they justified his acts.

Conclusion


 The trial court properly granted summary judgment in favor of Deputy Behrens based on
official immunity. Because official immunity shields Deputy Behrens from liability, sovereign
immunity shields Sheriff Francis Kaiser and the Kerr County Sheriff's Department from vicarious
liability. See DeWitt v. Harris County, 904 S.W.2d at 653. The trial court's judgment is affirmed.


 Alma L. López, Justice

DO NOT PUBLISH
1. Wheelock raises a complaint regarding the assignment of the Honorable Charles Sherrill to preside over the
underlying cause; however, Judge Sherrill's assignment was in accordance with section 74.056 of the Texas
Government Code, and an appropriate order of assignment was entered.