# Supreme Court of Texas

No. 23-0562

The City of Mesquite, Texas,
*Petitioner*,

v.

Anthony Wagner,
*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

An officer employed by a governmental unit is entitled to official immunity from tort liability when he performs discretionary duties within the scope of his employment in good faith. The primary issue in this interlocutory appeal is whether the City of Mesquite presented sufficient evidence to establish that its employee, an on-duty K-9 police officer, was acting in good faith when his police service dog unexpectedly bit a suspect fleeing from a burglary scene. We hold that the City did: it presented adequate, uncontroverted evidence proving its officer's entitlement to official immunity and thus its own immunity from suit. Accordingly, we reverse and render judgment dismissing the case.

## BACKGROUND

In the early morning hours of March 29, 2020, officers from the Garland Police Department were dispatched to a commercial building in response to a burglary-in-progress call. Garland PD contacted Officer Jason Crawford from the City of Mesquite Police Department at approximately 3:30 a.m. and requested his assistance. Officer Crawford was on K-9 duty as the handler for Kozmo, a police service dog that carried multiple agency certifications assuring proper obedience and control in response to commands.

When Officer Crawford arrived at the scene, other officers advised him of the need to pursue fleeing suspects on foot. In response, Officer Crawford deployed Kozmo on a thirty-foot, extended-length lead as he approached the rear of the property. As the three burglary suspects attempted to flee the scene, Officer Crawford heard another officer command one of the suspects—later identified as respondent Anthony Wagner—to "stop and get on the ground." Wagner slowly complied but yelled back at the officer, who then attempted to handcuff Wagner on the ground. Officer Crawford shortened Kozmo's lead and moved to the left of this altercation in pursuit of the other suspects; he kept Kozmo to his left with his body between Kozmo and the altercation. Kozmo abruptly cut across Officer Crawford's path toward Wagner, causing Officer Crawford to trip and fall. Kozmo bit Wagner on the shoulder. Wagner was treated at the scene and later at a nearby hospital for a single dog bite.

Wagner sued the City of Mesquite, alleging his injury was caused by Officer Crawford's negligent handling of Kozmo and that the City's

2

governmental immunity had been waived under the Texas Tort Claims Act (TTCA). The City filed a plea to the jurisdiction contending its governmental immunity was not waived because (1) Officer Crawford's official immunity afforded derivative governmental immunity to the City; (2) the injury was not caused by the use of tangible personal property, TEX. CIV. PRAC. & REM. CODE § 101.021(2); (3) the claim arose from intentional acts rather than negligent acts, *id.* § 101.057(2); and (4) the injury occurred while Officer Crawford was responding to an emergency, *id.* § 101.055(2). The City accompanied its plea with Officer Crawford's sworn affidavit recounting details of the night of the injury. In response, Wagner argued the City's immunity was waived under Section 101.021(2) of the TTCA and that Officer Crawford was not protected by official immunity because he was not acting in good faith, attaching an "Unintentional Bite" Memorandum prepared by Officer Crawford as evidence. The trial court denied the City's plea, and the City pursued interlocutory appeal.

The court of appeals affirmed.[1] ___ S.W.3d ___, 2023 WL 3408528, at *1 (Tex. App.—Dallas May 12, 2023). As relevant here, the court held that Officer Crawford was not entitled to official immunity because the City failed to satisfy its burden to establish "that a reasonably prudent officer, under the same or similar circumstances, could have believed no further safeguards other than those employed by Officer Crawford were necessary in the handling of Kozmo during the pursuit." *Id.* at *3.

---

[1] One justice dissented from the court's holding that the City did not establish the emergency exception, which we do not address in this opinion.

We reverse. Because the official immunity issue is dispositive, we do not reach the City's additional arguments.

## ANALYSIS

A municipality is a political subdivision of the state that is immune from suit for the tortious conduct of its officers and employees "unless the municipality's common law immunity is waived by the [TTCA]." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). The TTCA provides a limited waiver of immunity for suits against any "governmental unit," TEX. CIV. PRAC. & REM. CODE § 101.021, "including any city," *id.* § 101.001(3)(B), for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law," *id.* § 101.021(2). Although the TTCA "withdraws this waiver in various circumstances," *City of Austin v. Powell*, 704 S.W.3d 437, 448-49 (Tex. 2024) (internal quotation marks omitted), we need not consider such exceptions if the officer was entitled to official immunity.

Official immunity is an affirmative defense that precludes enforcement of the TTCA's immunity waiver. *City of Houston v. Rodriguez*, 704 S.W.3d 462, 469 (Tex. 2024). Although it is an individual defense afforded to the government employee rather than the governmental unit, we have consistently recognized that "the governmental employer's immunity is not waived if its employee is protected by official immunity." *Id.* at 468; *see DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995). Because it is an affirmative defense, the governmental unit bears the burden to plead and prove that its

4

employee was protected by official immunity to avoid a waiver. *Rodriguez*, 704 S.W.3d at 469.

The City raised its governmental immunity defense based on Officer Crawford's official immunity in its plea to the jurisdiction. We review de novo a plea to the jurisdiction based on governmental immunity. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). When a plea challenges the existence of jurisdictional facts and both parties submit evidence, resolution depends upon whether the nonmovant "raise[d] a genuine issue of material fact as to the immunity waiver's applicability." *Powell*, 704 S.W.3d at 448. "We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (quoting *Maspero*, 640 S.W.3d at 528-29). "But we do not disregard necessary contextual evidence or evidence and inferences unfavorable to the [nonmovants] if reasonable jurors could not." *Rodriguez*, 704 S.W.3d at 470 (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018)). "[I]f the evidence fails to raise a question as to the existence of a jurisdictional fact," then "the court must grant the plea." *Powell*, 704 S.W.3d at 448.

Official immunity "protects officers when they are performing (1) discretionary duties, (2) in good faith, and (3) within the scope of their authority." *Rodriguez*, 704 S.W.3d at 468 (internal quotation marks omitted). In this appeal, only the element of good faith is disputed.[2] The court of appeals held that the City failed to establish

---

[2] Wagner concedes in his petition that Officer Crawford was acting within the scope of his authority by searching and detaining suspects, and

5

that Officer Crawford acted in good faith while deploying Kozmo in pursuit of the suspects because Officer Crawford's comments in the attached affidavit were "limited to the length of the leash" and because "the City presented no evidence establishing a reasonable officer would have taken the same actions Officer Crawford took as the events unfolded and failed to address the visual and spatial impediments that existed." ___ S.W.3d ___, 2023 WL 3408528, at *4. Because the court of appeals applied the incorrect standard to determine Officer Crawford's good faith, we disagree that the City's evidence was insufficient to establish this element.

An officer acts in good faith if a "reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred." *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002). This standard is highly deferential as a matter of public policy: in arrest situations, police officers are regularly "forced to make split-second judgments . . . in circumstances that are tense, uncertain, and rapidly evolving." *Id.* at 464 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). An officer's negligence is insufficient to defeat good faith; the governmental defendant "must prove only that a reasonably prudent officer, under similar circumstances, *might* have reached the same decision" to act. *Id.* at 465. If the City meets this burden, Wagner must

---

Wagner does not contest the City's evidence that Officer Crawford was performing a discretionary duty by pursuing the suspects while on duty. *E.g.*, *Chambers*, 883 S.W.2d at 655 ("The decision to pursue a particular suspect will fundamentally involve the officer's discretion, because the officer must, in the first instance, elect whether to take the pursuit.").

satisfy an elevated standard of proof by presenting "evidence that no reasonable officer in [Crawford]'s position could have believed that the facts were such that they justified his conduct." *Id.* (citing *Chambers*, 883 S.W.2d at 657).

To prove Officer Crawford's good faith, the City attached to its plea his sworn affidavit describing the circumstances on the night of Wagner's injury. Officer Crawford, "assisting in the search for and pursuit of suspects on foot, . . . intentionally deployed Kozmo with an extended length lead as he and [Kozmo] were trained to do in situations such as this." Officer Crawford went on to explain that his use of the leash was in good faith because "[a] reasonable K-9 officer in [his] place would have used a similar leash as this is standard practice in those circumstances." The court of appeals held this was insufficient to establish good faith because the affidavit fails to explain what "those circumstances" were. We disagree. In the immediately preceding sentence, Officer Crawford articulated "those circumstances" as the search for and foot pursuit of multiple fleeing criminal suspects. And the affidavit as a whole provides an account of the conditions of that search and foot pursuit, which occurred in an area "completely dark" except for another officer's flashlight under rapidly developing circumstances "with multiple suspects fleeing officers on foot."

The court of appeals further erred by concluding "the City presented no evidence establishing a reasonable officer would have taken the same actions Officer Crawford took as the events unfolded and failed to address the visual and spatial impediments that existed." ___ S.W.3d ___, 2023 WL 3408528, at *4. This conclusion ignores the

7

substance of the affidavit, which pertinently describes Officer Crawford's choice to pursue the other fleeing suspects by shortening Kozmo's lead, moving to the left of Wagner and the other officer "since the route to the right would have required [Officer Crawford] to pass over rocky, sloping, difficult terrain," and positioning himself between Kozmo and Wagner.

Moreover, the court used an incorrect standard to assess good faith. The good-faith element of official immunity is a standard of "objective legal reasonableness" that we have repeatedly held "does not inquire into what a reasonable person *would have done*," but rather, "what a reasonable officer *could have believed*." *Telthorster*, 92 S.W.3d at 465 (internal quotation marks omitted); *see also City of Houston v. Sauls*, 690 S.W.3d 60, 73 (Tex. 2024) (quoting *Chambers*, 883 S.W.2d at 656-57).[3] Accordingly, the City need only present evidence that "a reasonably prudent officer, under similar circumstances, *might* have reached the same decision" as Officer Crawford. *Telthorster*, 92 S.W.3d at 465. Because the affidavit specifies Officer Crawford chose to pass Wagner on the left as the only apparent alternative would have required him to traverse unstable terrain in the dark while pursuing at-large criminal suspects, we conclude the City presented adequate evidence that a reasonably prudent officer "could have believed [Officer Crawford's] conduct was justified based on the information he possessed when the conduct occurred." *Id.*

---

[3] Because neither party suggests that we apply the particularized need/risk factors from *Wadewitz v. Montgomery*, 951 S.W.2d 464, 467 (Tex. 1997), and the court of appeals did not address their applicability, we likewise do not address them. *See generally Sauls*, 690 S.W.3d at 73-74.

Because the City met its initial burden to establish each element of official immunity, Wagner was required to "offer evidence that no reasonable officer in [Officer Crawford]'s position *could have believed* that the facts were such that they justified his conduct." *Id.* (emphasis added). But Wagner likewise advocated an incorrect standard, arguing that his evidence showed "[n]o reasonable prudent officer, under the same or similar circumstances": (1) "*would have* failed to properly control the lead on their K9"; (2) "*would have* believed they had enough room to safely get by Mr. Wagner in this situation"; and (3) "*would have* failed to anticipate and account for the conditions and distance in this situation." At best, Wagner presented evidence of negligence by Officer Crawford, but evidence that he "may have acted negligently, or did not consider and assess all possible subsidiary alternatives," is not sufficient to overcome proof of good faith. *Sauls*, 690 S.W.3d at 79; *Telthorster*, 92 S.W.3d at 465. Thus, Wagner did not satisfy the "elevated standard of proof" required to controvert the City's evidence of Officer Crawford's good faith. *Sauls*, 690 S.W.3d at 80.

## CONCLUSION

We hold that the City presented adequate evidence to establish that Officer Crawford was protected by official immunity at the time of Wagner's injury, which Wagner's evidence failed to controvert. Accordingly, Officer Crawford's official immunity extends to his governmental employer, the City of Mesquite. Without hearing oral argument, we grant the petition for review, reverse the judgment of the court of appeals affirming the denial of the City's plea to the jurisdiction,

9

and render judgment dismissing Wagner's claim against the City for lack of jurisdiction. TEX. R. APP. P. 59.1, 60.2(c).

**OPINION DELIVERED:** May 2, 2025