COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-144-CV

 

 

CITY OF FORT WORTH, TEXAS                                             APPELLANT

 

                                                   V.

 

EMMA J. HURST                                                                    APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








Appellant, the City of Fort Worth, appeals from
the trial court=s judgment denying its plea to
the jurisdiction.  Because the pleadings
filed by Appellee Emma J. Hurst fail to plead a cause of action within the
waiver of sovereign immunity codified in the Texas Tort Claims Act[2]
(the Act), we will reverse and render judgment sustaining the City=s plea
to the jurisdiction. 

Hurst=s
original petition alleges that she was driving in Fort Worth near a housing
project construction site when some material fell off a Atractor/bulldozer@ that
was crossing in front of her.  The
material hit underneath Hurst=s van,
knocking a hole in her van=s
transmission and damaging its tires. 
Hurst also pleaded that she sustained injuries to her right foot, ankle,
and leg.  Hurst sued the City and Rainier
Construction,[3]
the construction company building the housing.

Specifically, Hurst pleaded that she had suffered
injuries and property damage Aproximately
caused by the negligence of the Defendant, RAINIER CONSTRUCTION, while
operating within its contract with the City of Fort Worth, Texas.@  Hurst pleaded no other acts of negligence or
theories of liability against the City. 
The City filed a plea to the jurisdiction, asserting that it was
sovereignly immune from suit for tort liability because it did not own or build
the project, nor did it own or operate the tractor/bulldozer involved in this
action.  The trial court denied the plea,
and this appeal followed.  








In two issues, the City complains that the trial
court erred by denying its plea to the jurisdiction.  The City contends that Hurst failed to plead
that her injuries or property damage resulted from the City=s
operation or use of a motor vehicle or from use of tangible personal
property.  The City also points out that
it attached the construction contract at issue to its First Amended Plea in
Abatement, Plea to the Jurisdiction, and Original Answer.  The contract shows that the owner of the
project was The Villas of Eastwood Terrace, LLC, and the company The Villas
contracted with to perform the construction work was Rainier.  Thus, the City argues that even if it were
liable for the negligence of contractors with whom the City contracted, it is
not liable in this case because it is not a party to this particular contract. 








We review a trial court=s ruling
on a plea to the jurisdiction under a de novo standard of review because
subject matter jurisdiction is a question of law.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999); Univ.
of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.CFort
Worth 2003, pet. denied).  The plaintiff
has the burden to plead facts affirmatively showing that the trial court has
jurisdiction.  Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Univ. of N. Tex.,
124 S.W.3d at 220.   In determining
whether the plaintiff has met this burden, we look to the allegations in the
pleadings, accept them as true, and construe them in favor of the pleader.  Tex. Ass'n of Bus., 852 S.W.2d at 446;
Univ. of N. Tex., 124 S.W.3d at 220. 
We also may consider evidence presented to the trial court to resolve
the jurisdictional dispute, and we must do so when necessary to resolve the
dispute.  Univ. of N. Tex., 124
S.W.3d at 220. 

Governmental entities such as the City are immune
from suit unless the legislature has expressly consented to the suit.  Tex. Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); Fed. Sign v.
Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  The Act provides a limited waiver of
sovereign immunity, allowing suits to be brought against governmental agencies
only in certain narrowly-defined circumstances. 
Tex. Dep=t of Criminal Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001); see also Dallas County MHMR v. Bossley, 968
S.W.2d 339, 341 (Tex.) (A[T]he Legislature intended the
waiver in the Act to be limited . . . .@), cert.
denied, 525 U.S. 1017 (1998).  A
plaintiff must plead facts sufficient to invoke a waiver of the Act.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002); Univ. of N. Tex., 124 S.W.3d at 222.  We must look to the terms of the Act and then
determine whether the liability theories pleaded, the facts pleaded, and the
evidence presented demonstrate a claim within the Act=s waiver
provisions. Univ. of N. Tex., 124 S.W.3d at 222.








Section 101.021 of the Act provides that a
governmental unit is liable for:

(1)    property damage, personal
injury, and death proximately caused by the wrongful act or omission or the
negligence of an employee acting within his scope of employment if:

 

(A)    the property damage,
personal injury, or death arises from the operation or use of a motor-driven
vehicle or motor-driven equipment; and

 

(B)    the employee would be
personally liable to the claimant according to Texas law; and

 

(2)    personal injury and death
so caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant
according to Texas law.

 

Tex. Civ. Prac. & Rem. Code Ann. '
101.021.








Liability under section 101.021(1)=s waiver
of sovereign immunity is predicated upon a wrongful act or omission of a
governmental employee.  See id. '
101.021(1).  Section 101.021(2) waives
sovereign immunity for injuries caused by a condition or use of either tangible
personal property or real property.  Id.
'
101.021(2); DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex.
1995).  Essentially, section 101.021(2)
encompasses governmental liability based on (1) the doctrine of respondeat
superior for injuries proximately caused by a governmental employee=s negligent
use of tangible personal property or real property; and (2) premise defects.  See DeWitt, 904 S.W.2d at 653.

Applying a de novo standard of review, construing
Hurst=s
pleading liberally in her favor, and considering the evidence presented to the
trial court to resolve the jurisdictional issue, we hold that no waiver of
sovereign immunity has been established. 
Hurst pleaded only that she was injured Aby the
negligence of the Defendant, RAINIER CONSTRUCTION.@  She has not pleaded that the City owned or
was operating the tractor/bulldozer in question.  Thus, she has not pleaded facts establishing
a waiver of sovereign immunity pursuant to section 101.021(1).  See Brown, 80 S.W.3d at 555; see
also Tex. A&M Univ. v. Bishop, 156 S.W.3d 580, 584-85 (Tex. 2005)
(holding that state agency did not waive immunity from suit because there was
no evidence in the record that negligent actor was employee rather than
independent contractor).  Nor has Hurst
pleaded that a governmental employee=s
negligent use of tangible personal property or real property proximately caused
her injuries or that a premise defect existed on property owned by the
City.  Thus, she has not pleaded facts
establishing a waiver of sovereign immunity pursuant to section 101.021(2).  See Tex. A&M Univ., 156 S.W.3d at
584-85.








And finally, even taking as true Hurst=s
contention that the City is liable for the negligent acts of parties with which
contracts, the City attached a copy of the construction contract at issue to
its plea to the jurisdiction, and the contract shows that the City did not
contract with Rainier.  Instead, The
Villas, the owner of the project, contracted with Rainier to perform
construction work.[4]  One sentence in Hurst=s brief
claims that correspondence between the City and Rainier states, AThe Risk
Management Department of the City of Forth Worth has investigated the captioned
claim and has determined that your firm has assumed an obligation to handle
matters of this nature pursuant to the terms and conditions of your contract
with the City.@ 
The Acaptioned claim@ to
which this correspondence is referring is unknown, and Hurst did not introduce
this correspondence into evidence at the hearing on the City=s plea
to the jurisdiction.  The City presented
the only evidence at the hearingCa copy
of a contract between Rainier and The Villas for Rainier to build the housing
project, demonstrating that the City was not a party to that contract.  








After reviewing the allegations in the pleadingsCaccepting
them as true and construing them in favor of HurstCand
reviewing the evidence presented to the trial court on the jurisdictional
issue, we hold that the City did not waive its sovereign immunity from suit
under the Act.  See Tex. Ass'n of Bus.,
852 S.W.2d at 446; Univ. of N. Tex., 124 S.W.3d at 220.  Consequently, the trial court lacked subject
matter jurisdiction over the City.  We
sustain the City=s first and second issues.  We reverse the trial court=s
judgment and render judgment sustaining the City=s plea
to the jurisdiction.[5]

 

PER
CURIAM

 

PANEL F:    WALKER, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED: November 23,
2005

 











[1]See Tex.
R. App. P. 47.4.





[2]Tex. Civ.
Prac. & Rem. Code Ann. '' 101.001B.109 (Vernon 2005 & Supp. 2005).





[3]Rainier is not a party to this
appeal.





[4]Under the contract, The Villas was
the owner of the housing project and was obligated to pay Rainier upon
completion of the project.





[5]See Tex.
R. App. P. 43.2(c).