City of Fort Worth, Texas v. Emma J. Hurst

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-144-CV

CITY OF FORT WORTH, TEXAS APPELLANT

V.

EMMA J. HURST APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, the City of Fort Worth, appeals from the trial court’s judgment denying its plea to the jurisdiction.  Because the pleadings filed by Appellee Emma J. Hurst fail to plead a cause of action within the waiver of sovereign immunity codified in the Texas Tort Claims Act
(footnote: 2) (the Act), we will reverse and render judgment sustaining the City’s plea to the jurisdiction. 

Hurst’s original petition alleges that she was driving in Fort Worth near a housing project construction site when some material fell off a “tractor/bulldozer” that was crossing in front of her.  The material hit underneath Hurst’s van, knocking a hole in her van’s transmission and damaging its tires.  Hurst also pleaded that she sustained injuries to her right foot, ankle, and leg.  Hurst sued the City and Rainier Construction,
(footnote: 3) the construction company building the housing.

Specifically, Hurst pleaded that she had suffered injuries and property damage “proximately caused by the negligence of the Defendant, RAINIER CONSTRUCTION, while operating within its contract with the City of Fort Worth, Texas.”  Hurst pleaded no other acts of negligence or theories of liability against the City.  The City filed a plea to the jurisdiction, asserting that 
it was sovereignly immune from suit for tort liability because it did not own or build the project, nor did it own or operate the tractor/bulldozer involved in this action.  The trial court denied the plea, and this appeal followed.  

In two issues, the City complains that the trial court erred by denying its plea to the jurisdiction.  The City contends that Hurst failed to plead that her injuries or property damage resulted from the City’s operation or use of a motor vehicle or from use of tangible personal property.  The City also points out that it attached the construction contract at issue to its First Amended Plea in Abatement, Plea to the Jurisdiction, and Original Answer.  The contract shows that the owner of the project was The Villas of Eastwood Terrace, LLC, and the company The Villas contracted with to perform the construction work was Rainier.  Thus, the City argues that even if it were liable for the negligence of contractors with whom the City contracted, it is not liable in this case because it is not a party to this particular contract. 

We review a trial court’s ruling on a plea to the jurisdiction under a de novo standard of review because subject matter jurisdiction is a question of law.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998),
 cert. denied
, 526 U.S. 1144 (1999); 
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).  The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction.  
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993); 
Univ. of N. Tex.
, 124 S.W.3d at 220.   
In determining whether the plaintiff has met this burden, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader.  
Tex. Ass'n of Bus., 
852 S.W.2d at 446; 
Univ. of N. Tex.
, 124 S.W.3d at 220
.  
We also may consider evidence presented to the trial court to resolve the jurisdictional dispute, and we must do so when necessary to resolve the dispute.  
Univ. of N. Tex.
, 124 S.W.3d at 220
.
 

Governmental entities such as the City are immune from suit unless the legislature has expressly consented to the suit.  
Tex. Dep’t of Transp. v. Jones,
 8 S.W.3d 636, 638 (Tex. 1999)
; 
Fed. Sign v. Tex. S. Univ.,
 951 S.W.2d 401, 405 (Tex. 1997).  
The Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental agencies only in certain narrowly-defined circumstances.  
Tex. Dep’t of Criminal Justice v. Miller,
 51 S.W.3d 583, 587 (Tex. 2001)
; 
see also Dallas County MHMR v. Bossley,
 968 S.W.2d 339, 341 (Tex.) (“[T]he Legislature intended the waiver in the Act to be limited . . . .”), 
cert. denied,
 525 U.S. 1017 (1998).  
A plaintiff must plead facts sufficient to invoke a waiver of the Act.  
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002); 
Univ. of N. Tex.
, 124 S.W.3d at 222.  We must look to the terms of the Act and then determine whether the liability theories pleaded, the facts pleaded, and the evidence presented demonstrate a claim within the Act’s waiver provisions. 
Univ. of N. Tex.
, 124 S.W.3d at 222.

Section 101.021 of the Act provides that a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. 
§ 101.021.

Liability under section 101.021(1)’s waiver of sovereign immunity is predicated upon a wrongful act or omission of a governmental employee.  
See id.
 § 101.021(1).  Section 101.021(2) waives sovereign immunity for injuries caused by a condition or use of either tangible personal property or real property.  
Id.
 
§ 101.021(2); 
DeWitt v. Harris County
, 904 S.W.2d 650, 653 (Tex. 1995).  Essentially, s
ection 101.021(2) encompasses governmental liability based on (1) the doctrine of 
respondeat superior 
for injuries proximately caused by a governmental employee’s negligent use of tangible personal property or real property; and (2) premise defects.
  
See DeWitt
, 904 S.W.2d at 653.

Applying a de novo standard of review, construing Hurst’s pleading liberally in her favor, and considering the evidence presented to the trial court to resolve the jurisdictional issue, we hold that no waiver of sovereign immunity has been established.  Hurst pleaded only that she was injured “by the negligence of the Defendant, RAINIER CONSTRUCTION.”  She has not pleaded that the City owned or was operating the tractor/bulldozer in question.  Thus, she has not pleaded facts establishing a waiver of sovereign immunity pursuant to section 101.021(1).  
See Brown
, 80 S.W.3d at 555; 
see also Tex. A&M Univ. v. Bishop
, 156 S.W.3d 580, 584-85 (Tex. 2005) (holding that state agency did not waive immunity from suit because there was no evidence in the record that negligent actor was employee rather than independent contractor).  Nor has Hurst pleaded that a governmental employee’s negligent use of tangible personal property or real property proximately caused her injuries or that a premise defect existed on property owned by the City.  Thus, she has not pleaded facts establishing a waiver of sovereign immunity pursuant to section 101.021(2). 
 See Tex. A&M Univ.
, 156 S.W.3d at 584-85.

And finally, even taking as true Hurst’s contention that the City is liable for the negligent acts of parties with which contracts, the City attached a copy of the construction contract at issue to its plea to the jurisdiction, and the contract shows that the City did not contract with Rainier.  Instead, The Villas, the owner of the project, contracted with Rainier to perform construction work.
(footnote: 4)  One sentence in Hurst’s brief claims that correspondence between the City and Rainier states, “The Risk Management Department of the City of Forth Worth has investigated the captioned claim and has determined that your firm has assumed an obligation to handle matters of this nature pursuant to the terms and conditions of your contract with the City.”  The “captioned claim” to which this correspondence is referring is unknown, and Hurst did not introduce this correspondence into evidence at the hearing on the City’s plea to the jurisdiction.  The City presented the only evidence at the hearing—a copy of a contract between Rainier and The Villas for Rainier to build the housing project, demonstrating that the City was not a party to that contract.  

After reviewing the allegations in the pleadings—accepting them as true and construing them in favor of Hurst—and reviewing the evidence presented to the trial court on the jurisdictional issue, we hold that the City did not waive its sovereign immunity from suit under the Act.  
See Tex. Ass'n of Bus.
, 852 S.W.2d at 446; 
Univ. of N. Tex.
, 124 S.W.3d at 220
. 
 Consequently, the trial court lacked subject matter jurisdiction over the City.  We sustain the City’s first and second issues.  We reverse the trial court’s judgment and render judgment sustaining the City’s plea to the jurisdiction.
(footnote: 5)

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: November 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 101.001
–
.109 (Vernon 2005 & Supp. 2005).

3:
Rainier is not a party to this appeal.

4:
Under the contract, The Villas was the owner of the housing project and was obligated to pay Rainier upon completion of the project.

5:
See
 
Tex. R. App. P.
 43.2(c).