United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20718
Summary Calendar

ALEJANDRO SANTIAGO,

Plaintiff - Appellant

versus

CITY OF HOUSTON and OFFICER RICHARD PEDERSON,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:04-CV-1103)

Before SMITH, WIENER, and OWEN Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alejandro Santiago appeals the district
court's order granting summary judgment in favor of Defendants-
Appellees, the City of Houston (the "City") and Officer Richard
Pederson ("Pederson").  Santiago also appeals the district court's
denial of his motion to enlarge discovery.  We affirm.

## I. Facts and Proceedings

Santiago lived with his two siblings and their spouses and

---

[*]Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

children in an apartment on the second floor of a two-story apartment building in Houston.  In July 2003, Santiago's brother allowed a co-worker, Pete Flores Cervantes ("Cervantes"), to store a bag at the apartment.  When Cervantes returned the following evening to retrieve his belongings, he and Santiago got into a heated discussion.  Cervantes left the apartment building and reported to nearby police officers that a man in the apartment complex had pointed a gun at him.

Four police officers —— Griffin, Hernandez, Topper, and Pederson —— went to the apartment complex to investigate the report.  Hernandez, Griffin, and Topper went upstairs and stood on a balcony outside of Santiago's apartment, while Pederson remained in the courtyard in front of the apartment.  Hernandez reported seeing movement behind the blinds at the front of the apartment and hearing someone answer from inside.  He also reported seeing someone's hand stick through the window blinds holding what appeared to be a small silver pistol.  Pederson stated that he saw the incident, but he described the gun as a blue steel pistol.  Pederson and Griffin yelled to the other officers that a gun was present.  Hernandez ordered the individual to drop the weapon and come out of the apartment with his hands up.  The hand and gun then disappeared behind the blinds.

The officers next saw a hand holding a pistol protruding from the apartment's front window; the gun was aimed at the officers on the balcony.  Hernandez, Griffin, and Topper attempted to take

-2-

cover. When he saw a firearm aimed at his fellow officers, Pederson drew his gun and rapidly fired eight shots at the apartment's front window, hitting Santiago once in the chest and severely injuring him. As a result of the injury, Santiago underwent multiple surgeries and remained in the hospital for four months. He continues to receive treatment for these injuries.

After the shooting, the officers conducted a thorough search of the area, but no firearm was found. Santiago contends that the officers never informed him of their presence and that he never had a gun. He was nevertheless charged with "deadly conduct" on the basis of the officers' statements that he pointed the gun at Cervantes.

In March 2004, Santiago filed a complaint against Defendants-Appellants in the Southern District of Texas, asserting various civil rights and state law tort violations. In July 2005, the district court granted Defendants-Appellants' motion for summary judgment. The court held that Santiago's § 1983 unlawful arrest and excessive force claims against Pederson failed, because (1) Pederson acted with probable cause in arresting Santiago, and (2) the officer's use of force was reasonable in light of the perceived threat. As for the City, the court held that Santiago had failed to demonstrate a municipal policy to support his claim. The court also concluded that Santiago's state law claims failed, because the City had not waived its sovereign immunity to this type of claim.

Santiago timely appealed.[1]

## II. ANALYSIS

### A.    Standard of Review

We review the district court's decision to grant summary judgment de novo.[2]  A motion for summary judgment should be granted only when there is no genuine issue of material fact.[3]   In determining whether there is a genuine issue of material fact, we view all facts and draw all inferences therefrom in favor of the non-moving party.[4]  We review the district court's order denying Santiago's request for additional time in which to conduct discovery for abuse of discretion.[5]

### B.    Qualified Immunity

Santiago asserts that Pederson falsely arrested him and subjected him to unreasonable force.  Pederson counters, and the district court held, that he is entitled to qualified immunity.  To determine whether a public official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a

---

[1]    In August 2006, Santiago's appeal was dismissed for want of prosecution because he had failed timely to file record excerpts.  The case was reopened in October of that year.

[2]    American Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir. 2003).

[3]    Weeks Marine, Inc. v. Fireman's Fund Ins. Co., 340 F.3d 233, 235 (5th Cir. 2003).

[4]    Id.

[5]    Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 161 (5th Cir. 2006).

violation of a constitutional right and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident.[6]

Santiago's claim that he was falsely arrested fails, as Pederson had probable cause to arrest him. "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed an offense."[7] Here, the district court correctly determined that the information provided to the officers by Cervantes and the subsequent occurrences at the apartment complex gave Pederson sufficient information on which to deduce that Santiago had engaged in "deadly conduct."

Pederson is also entitled to qualified immunity on Santiago's excessive force claim. To state such a claim, a plaintiff must allege: "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable."[8] Here, assuming arguendo that Santiago has satisfied his burden with respect to the first of these two elements, his claim still must be

---

[6] McClendon v. City of Columbia, 305 F.3d 314, 322-23 (5th Cir. 2002).

[7] Haggerty v. Tex. S. Univ., 391 F.3d 653, 655-56 (5th Cir. 2004) (internal quotation marks omitted).

[8] United States v. Sipe, 388 F.3d 471, 480 n.22 (5th Cir. 2004).

dismissed, as we cannot say that Pederson's conduct was objectively unreasonable.

"It is objectively unreasonable to use deadly force 'unless it is necessary to prevent [a suspect's] escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'"[9] Cervantes had reported that a man in the apartment complex had pointed a firearm at him. Several officers, including Pederson, reported seeing a firearm aimed at the officers on the balcony from the front window. Based on these observations, Pederson had probable cause to believe that Santiago posed a significant threat of death or serious physical injury to the officers on the balcony.

## C. Municipal Liability

In a claim against a municipality under § 1983, a plaintiff must demonstrate (1) a municipal policy or custom existed; (2) governmental policy makers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) through the municipality's deliberate conduct, the custom or policy was the moving force behind the violation.[10] The district court correctly granted summary judgment on the § 1983 claim against the City, as

---

[9] Flores v. City of Palacios, 381 F.3d 391, 399 (5th Cir. 2004) (quoting Tennessee v. Garner, 471 U.S. 1, 3 (1985)).

[10] Meadowbriar Home for Children, Inc. v. G.B. Gunn, 81 F.3d 521, 532 (5th Cir. 1996).

Santiago failed to introduce evidence of a municipal policy or custom.

Santiago's state law claims against the City also must be dismissed. Relying on the Texas Tort Claims Act, Santiago asserts that the City has waived its governmental immunity for Pederson's conduct. "The Texas Tort Claims Act provides a limited waiver [of governmental immunity] when personal injury or death is caused by a 'use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."[11] Assuming arguendo that Santiago's injuries were caused by the "use of tangible personal or real property," the City nevertheless is immune, as it is not vicariously liable for Pederson's conduct in light of our conclusion that Pederson is entitled to qualified immunity.[12] To the extent Santiago also asserts under Texas law that the City negligently failed to carry out one of its established policies, as discussed above, Santiago has not cited any specific city policy.

## D. Extension of Time for Discovery and Opposition to the Motion

Santiago contends that the district court abused its discretion in denying his motion for additional time for discovery.

---

[11] Tex. A & M Univ. v. Bishop, 156 S.W.3d 580, 583 (Tex. 2005) (quoting TEX. CIV. PRAC. & REM. CODE § 101.021(2)).

[12] DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995) (Governmental entities are "not liable under section 101.021(2) for the negligence of [their] employee when the employee has no liability because of official immunity.").

He argues that an extension was necessary because his original attorney, Mr. Walsh, died, requiring Santiago to find new counsel. The attorney who filed Santiago's opposition to the summary judgment motion, Muñoz, however, had previously indicated to the district court that both he and Walsh represented Santiago, and Muñoz's signature appears on the complaint. Although Muñoz apparently informed Santiago that he did not have the expertise to represent him on this case following Walsh's death, Santiago did not obtain new counsel, and Muñoz remained counsel of record. And, the district court did extend the deadline by which Santiago was to file his opposition to the summary judgment motion. Moreover, Santiago fails to explain the type of information he believes he would have obtained through additional discovery, and does not articulate how such information would have created a genuine issue of material fact. In light of these facts, the district court did not abuse its discretion in denying the motion.

For the foregoing reasons, the denial of that motion and the judgment of the district court are, in all respects, AFFIRMED.