# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20505
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

ROBERT ANTHONY SKINNER,

    Plaintiff - Appellant

v.

JEFFREY SCOTT GRAGG; CONSTABLE PHIL CAMUS; METRO
NATIONAL CORPORATION; MEMORIAL CITY MALL, GP, L.L.C.;
MEMORIAL CITY MALL, L.P.; BLEX EXCHANGE, L.P.; BLEX
EXCHANGE VI, L.L.C.; HARRIS COUNTY, TEXAS,

    Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1412

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    After he was arrested for criminal trespass, Plaintiff–Appellant Robert
Anthony Skinner sued Defendants–Appellees, alleging numerous violations of
his constitutional rights and raising several state tort claims. The district

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-20505

court granted Defendants–Appellees' motions for summary judgment, dismissing all of Skinner's claims. Skinner now appeals the district court's judgment that Defendant–Appellee Jeffrey Scott Gragg was entitled to qualified immunity on Skinner's unlawful arrest claim and that Defendant–Appellee Harris County was entitled to sovereign immunity on Skinner's state tort claims. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2012, Plaintiff–Appellant Robert Anthony Skinner and several employees of his private security company visited the Memorial City Mall to conduct a training exercise.[1] Skinner's brother, Richard Cain, and an employee of the private security company, Chris Watt, attempted to reserve a parking space for Skinner in the parking lot. When Skinner arrived, Cain and Watt were speaking with a mall security officer. The mall security officer had informed Cain and Watt that mall patrons could not reserve parking spots and directed Skinner to leave the parking space. During this exchange, the mall security officer also radioed Defendant–Appellee Jeffrey Gragg—an off-duty sergeant from the Harris County Constable's Office who was working as additional security for the mall—informing Gragg that several individuals were refusing to leave. Gragg directed the mall security officer to advise them that "if [they] were still there upon the deputy's arrival, [they] would be arrested for trespassing."

Skinner moved his vehicle out of the parking space and then returned to speak further with the mall security officer. Skinner and his companions continued to remain in the mall parking lot, speaking to the officer. A mall

---

[1] The private security company, Ultra Protection, Inc., was also a plaintiff before the district court, but the company has not made an appearance or filed briefing as part of this appeal.

security supervisor arrived and directed Skinner to leave mall property. Soon thereafter, as Skinner turned to walk back to his vehicle, Gragg arrived and arrested Skinner for criminal trespass. Skinner was charged with misdemeanor criminal trespass, but the charge was later dismissed.[2]

On April 21, 2014, Skinner and his private security company filed suit against several defendants, including Gragg and Harris County, alleging, *inter alia*, unlawful arrest in violation of the United States Constitution and several Texas tort claims. Harris County and Gragg removed the case to the United States District Court for the Southern District of Texas, asserting federal question jurisdiction under 28 U.S.C. § 1331. Between March 30 and April 1, 2015, Defendants filed motions for summary judgment on all claims.

On August 13, 2015, the district court granted the summary judgment motions. As relevant to this appeal, the district court found that Gragg was entitled to qualified immunity on Skinner's unlawful arrest claim because there arguably was probable cause to arrest Skinner for criminal trespass. The court noted that Skinner and his employees had been ordered to leave the property before Gragg arrived and that Gragg had probable cause to arrest Skinner upon finding Skinner still at the scene when Gragg arrived. The court also found that removing the action to federal court did not waive Harris County's sovereign immunity from liability. Looking to Texas state law, the district court held that Harris County was entitled to sovereign immunity from liability on all of the state tort claims.[3] The district court then granted summary judgment as to other claims raised by Skinner against Gragg, Harris

---

[2] In the State's request for dismissal in the criminal case, the State asserted that it was "unable to prove BRD" as the reason for requesting dismissal.

[3] The district court also held that Harris County could not be liable for the negligence claim because the court had already found that Gragg was entitled to official immunity on that claim.

No. 15-20505

County, and the other defendants, and entered final judgment dismissing the action.  Skinner timely appealed.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, "applying the same standard as the district court did in the first instance." *Raby v. Livingston*, 600 F.3d 552, 557 (5th Cir. 2010).[4]  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.'"  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

## III. QUALIFIED AND SOVEREIGN IMMUNITY

On appeal, Skinner has preserved two alleged errors by the district court: the court's findings that (1) Gragg was entitled to qualified immunity on the unlawful arrest claim[5] and (2) Harris County was entitled to sovereign immunity on the state tort claims.[6]  We address each in turn.

---

[4] Skinner argues on appeal that the district court erred by applying the federal summary judgment standard, but "federal law, rather than state law, invariably governs procedural matters in federal court." *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006); *see also* Fed. R. Civ. P. 81(c)(1).

[5] In his briefing, Skinner contends that the district court mischaracterized the evidence, but his arguments on this issue relate to the factual and legal support for the district court's finding that Gragg was entitled to qualified immunity on the unlawful arrest claim.

[6] While *pro se* briefs are liberally construed, Skinner has abandoned all other issues by failing to adequately brief them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (stating that arguments are abandoned by "failing to argue them in the body of the brief").

## A. Qualified Immunity

Skinner contends that Gragg was not entitled to qualified immunity on Skinner's claim for unlawful arrest. "Qualified immunity protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law." *Crostley v. Lamar Cty.*, 717 F.3d 410, 422 (5th Cir. 2013). "[T]he plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). A plaintiff must satisfy a two-prong inquiry to overcome a qualified immunity defense: "First, he must claim that the defendants committed a constitutional violation under current law. Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Crostley*, 717 F.3d at 422 (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005)). We may conduct the two-prong inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).[7] "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Ramirez*, 145 F.3d 345, 352 (5th Cir. 1998). Gragg previously had been informed by radio that individuals were refusing to leave as directed, and when he arrived, he found

---

[7] On appeal, Skinner contends that collateral estoppel barred the district court from determining probable cause because a state criminal court dismissed the criminal trespass charge. However, collateral estoppel does not apply because nothing in the record shows that the parties in state court "fully and vigorously litigated [the issue of probable cause] in the prior action." *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013) (quoting *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)).

Skinner still present in the parking lot on mall property. *See* Tex. Penal Code Ann. § 30.05(a)(2) (providing that a person commits criminal trespass if he or she "remains on or in property of another . . . without effective consent" and he or she "received notice to depart but failed to do so"). Based on these facts, "a reasonable officer could have concluded that there was probable cause" to arrest Skinner for criminal trespass. *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001).[8] The district court, therefore, did not err in finding that Gragg was entitled to qualified immunity as to the unlawful arrest claim. *See id.* ("[I]f a reasonable officer could have concluded that there was probable cause upon the facts then available to him, qualified immunity will apply.").

### B. Sovereign Immunity

Skinner also argues that the district court erred in granting summary judgment on Skinner's state law claims based on sovereign immunity, alleging that Harris County waived its sovereign immunity by removing the case to federal court. Removing a case to federal court does waive immunity from suit. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002). However, while Skinner contends that removal waives immunity entirely, this court has clarified that "the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005). And Texas law provides that "sovereign immunity encompasses both immunity from suit and immunity from liability." *Brown & Gay Eng'g, Inc. v. Olivares*,

---

[8] Skinner notes that the district court did not consider several other pieces of evidence, including audio and video recordings and affidavits. However, none of that evidence was presented to the district court. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."). Similarly, while Skinner contends that Gragg resisted being deposed, Skinner requested that Gragg be deposed after the discovery period had ended and never sought the district court's assistance to resolve any discovery dispute.

461 S.W.3d 117, 121 (Tex. 2015).  Moreover, "[u]nder Texas law, waiver of one form of immunity does not necessarily operate as a waiver of the other." *Carty v. State Office of Risk Mgmt.*, 733 F.3d 550, 553 (5th Cir. 2013).  Instead, immunity from liability is waived if either the Legislature waived this immunity "by clear and unambiguous language," *DeWitt v. Harris Cty.*, 904 S.W.2d 650, 652 (Tex. 1995), or if the defendant failed to assert sovereign immunity as an affirmative defense.  *Carty*, 733 F.3d at 555 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam)).  Harris County asserted sovereign immunity as an affirmative defense in its answer, and Skinner has not advanced any colorable argument that the Legislature has expressly waived immunity from liability on his claims.  Harris County's removal of the case to federal court, therefore, did not act as a waiver of its immunity from liability, *see Meyers*, 410 F.3d at 253, and the district court did not err in granting summary judgment on the ground of sovereign immunity.[9]

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[9] Moreover, Skinner does not appeal the district court's finding that Gragg was entitled to official immunity as to Skinner's negligence claim, and thus Harris County retains its sovereign immunity for this claim.  *See DeWitt*, 904 S.W.2d at 653 (holding that "if [a government] employee is protected from liability by official immunity, . . . the government retains its sovereign immunity").