

NUMBER 13-18-00065-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALEJANDRO ZAPATA, INDIVIDUALLY
AND AS NEXT FRIEND OF YARELY
ZAPATA, ANTONIO MORALES SR.
AND IRMA MORALES INDIVIDUALLY
AND AS NEXT FRIENDS OF ANTONIO
MORALES JR. AND MIGUEL MORALES,                    Appellants,

v.

CITY OF GONZALES,                                   Appellee.

On appeal from the 25th District Court
of Gonzales County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Hinojosa

Appellants Alejandra Zapata, individually and as next friend of Yarely Zapata; and Antonio Morales, Sr. and Irma Morales, individually and as next friends of Antonio Morales, Jr. and Miguel Morales, sued appellee the City of Gonzales (the City) for negligence relating to a vehicle collision between a City police officer and appellants.[1] The City filed a plea to the jurisdiction on the basis of governmental immunity, which the trial court granted. In four issues, which we treat as two, appellants argue the trial court erred in granting the plea to the jurisdiction because there are fact issues concerning: (1) the application of the emergency response exception to the Texas Tort Claims Act's (TTCA) waiver of governmental immunity; and (2) whether the City's police officer was entitled to official immunity. We reverse and remand.

## I.    BACKGROUND

In their live pleading, appellants allege that City police officer Trey Tunis negligently drove his patrol vehicle through the intersection of St. Joseph and St. Lawrence streets in the City of Gonzalez, Texas, and collided with a vehicle driven by Alejandra and occupied by Yarely, Morales Jr., and Miguel. Appellants allege that Officer Tunis "failed to control speed, disregarded the red light[,] and entered the intersection when it was unsafe to do so[.]" Appellants assert that the collision caused injuries to the occupants of the vehicle. According to appellants, the City's immunity from suit was waived by the TTCA because the claim involved personal injury and property damages caused by the negligent operation or use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

---

[1] Appellants also sued Gonzales County, Texas and City of Gonzalez Police Officer Trey Tunis, but their live pleading asserts claims only against the City of Gonzales.

The City answered suit and later filed a plea to the jurisdiction. In its plea, the City argued that its immunity from suit was not waived by the TTCA, and, therefore, the trial court lacked subject matter jurisdiction over appellants' claims. Specifically, the City argued that the "emergency response exception" to the statutory waiver of immunity applied in this case. The City supported its plea with the affidavit of its Chief of Police, Tim Crow; statements from witnesses; the official accident report; crash retrieval data from Officer Tunis's patrol vehicle; City police department policy; a dispatch call report; and a transcription of a recording of the dispatch call.

In his statement, Officer Tunis recalled that he received an emergency dispatch regarding an accident that was obstructing traffic on Highway 183. He immediately responded, activating his emergency lights and sirens. Travelling southbound on St. Joseph Street, Officer Tunis approached the St. Lawrence Street intersection. He observed a green signal light, checked left and right for cross-traffic and then proceeded through the intersection. When Officer Tunis was a car-length's distance from the intersection, he observed a maroon Chevy Suburban travelling westbound half-way through the intersection. Officer Tunis did not have time to avoid the vehicle, and he collided with its right rear panel. He notified dispatch of the accident before exiting his patrol car and attending to the occupants of the other vehicle. Officer Tunis was later transported to the hospital by emergency responders.

Several bystanders provided witness statements, and each maintained that Officer Tunis had a green light when he entered the intersection. But in their statements, Alejandra and her passenger Yarely both maintained that Alejandra had the green light.

3

Chief Crow testified by affidavit that he reviewed "the facts of the vehicle collision," and he concluded from his investigation that Officer Tunis entered the intersection on a green light with his emergency siren and lights activated. He determined that Alejandra ran a red light at the intersection and was responsible for causing the collision. Chief Crow stated that Officer Tunis was responding to an emergency or "Code 3" because the call concerned a vehicle collision that was obstructing traffic, "and at which the occupant of one of the vehicles had not exited." The crash data retrieved from Officer Tunis's vehicle indicated that he was travelling between 45 to 49 miles per hour in the five seconds preceding the collision. The accident report reflects that the speed limit in the area was 30 miles per hour. Chief Crow did not believe that Officer Tunis was travelling at an excessive speed. He further stated that the department did not charge Officer Tunis with violating any police department standard operating procedures or policies, which required an officer responding to a "Code 3" emergency to respond immediately, proceeding directly to the location as quickly as reasonably possible, while utilizing emergency warning equipment. Chief Crow did not find that Officer Tunis was reckless.

A transcript of the pertinent dispatch call reads as follows:

| | |
|---|---|
| Dispatcher: | 118 primary call for service. |
| Officer Tunis: | Go ahead. |
| Dispatcher: | Need route to eighty-three and ninety-seven by Circle G in the southbound lane in reference to a ten fifty. It's gonna be a vehicle that was rear ended. It is blocking traffic. I have fire and EMS en route. |
| Officer Tunis: | (inaudible) clear. Do you know if there's any injuries? |
| Dispatcher: | It is unknown. Nobody I spoke to has gotten out. |

4

Officer Tunis:    (inaudible) clear.

Appellants filed a response to the City's plea to the jurisdiction supported by Alejandra's affidavit testimony.   Alejandra testified that she had a green light when she entered the intersection.

After holding a hearing, at which no further evidence was presented, the trial court signed an order granting the City's plea to the jurisdiction and dismissing appellants' claims with prejudice.   This appeal followed.

## II.    STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit."   *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).   The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action.   *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).   Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo.   *Id*.   Governmental immunity[2] deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued, unless immunity is waived by the Legislature.   *Id*.; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012).   Therefore, governmental immunity is properly asserted in a plea to the jurisdiction.   *Miranda*, 133 S.W.3d at 225–26.

---

[2] Governmental immunity is a common law doctrine protecting governmental entities from suit, similar to sovereign immunity.   *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). While sovereign immunity protects the State and its various agencies from suit, governmental immunity protects the State's political subdivisions, such as cities, counties, and school districts, from suit.   *Id*.   As a governmental unit, the City is generally protected from suit by governmental immunity.

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which encompasses the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, ___ S.W.3d ___, __, No. 18-0413, 2019 WL 6794327, at *4 (Tex. Dec. 13, 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id*. (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). This is true even when the jurisdictional issue intertwines with the merits of the case. *Id*.

When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, the standard of review mirrors that of a summary judgment, meaning that all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists. *Id*. In the face of an evidentiary challenge, the plaintiff has the burden to present sufficient evidence to create a genuine issue of material fact regarding the jurisdictional issue. *Id*. at *6. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d. at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id*. at 228; *Garcia*, 372 S.W.3d at 635.

### III.   EMERGENCY RESPONSE EXCEPTION

In their first issue, appellants argue that the trial court erred in granting the City's plea to the jurisdiction because a genuine issue of material fact exists as to (1) "whether the dispatch call is considered an 'Emergency Call'" and (2) "whether the officer's conduct

6

was reckless."

## A. Applicable Law

The TTCA provides a limited waiver of governmental immunity for:

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B)     the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *see id*. § 101.025(a) (providing that sovereign immunity to suit is waived and abolished to the extent of liability created by the TTCA). Exempted from this waiver of immunity are claims included in the TTCA's "emergency response exception" that arise:

from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

*Id*. § 101.055(2). The policy underlying this exception to the TTCA's limited waiver of immunity is "to balance the safety of the public with the need for prompt responses to police, fire, and medical emergencies." *City of Amarillo v. Martin*, 971 S.W.2d 426, 429 (Tex. 1998); *City of San Angelo Fire Dep't. v. Hudson*, 179 S.W.3d 695, 699 (Tex. App.— Austin 2005, no pet.). "Imposing liability for a mere failure in judgment could deter emergency personnel from acting decisively and from taking calculated risks" and would "allow for judicial second guessing of the split-second and time-pressured decisions

7

emergency personnel are forced to make." *Hudson*, 179 S.W.3d at 699.

The law governing the operation of emergency vehicles is found in chapter 546 of the transportation code. *See* Tex. Transp. Code Ann. ch. 546. An operator of an emergency vehicle may "proceed past a red or stop signal or stop sign, after slowing as necessary for safe operation" and may "exceed a maximum speed limit . . . as long as the operator does not endanger life or property[.]" *Id*. § 546.001. These provisions, however, do not relieve a driver of an emergency vehicle from "the consequences of reckless disregard for the safety of others." *Id*. § 546.005(2).

The plaintiff bears the burden to establish that the emergency-response exception does not apply. *Quested v. City of Houston*, 440 S.W.3d 275, 284 (Tex. App.—Houston [14th Dist.] 2014, no pet.). This burden required appellants to present evidence sufficient to raise an issue of fact showing that Officer Tunis (1) was not responding to an emergency call or reacting to an emergency situation; or (2) failed to comply with the applicable law or acted with reckless disregard for the safety of others. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2); Tex. Transp. Code Ann. § 546.005(2).

## B. Analysis

### 1. Responding to an Emergency Call or Emergency Situation

Appellants first argue that the record establishes that Officer Tunis was responding to a minor car accident, not an emergency. The City responds that "the undisputed evidence demonstrates Officer Tunis was responding to an emergency."

The statute does not define the terms "emergency call" or "emergency situation," but the Texas Supreme Court has interpreted the term "emergency" broadly. *See City*

*of San Antonio v. Hartman*, 201 S.W.3d 667, 671–72 (Tex. 2006). As the Texas Supreme Court stated in *Hartman*: "[B]ecause the [TTCA] creates liability where it would not otherwise exist, we cannot construe section 101.055(2) to exclude emergencies the Legislature might have intended to include." *Id*. at 673. "While the statute certainly has been applied to traffic accidents, it also has been applied in other circumstances. . . ." *Id*. at 672–73.

In this case, the undisputed evidence establishes that Officer Tunis was dispatched to an accident at a highway intersection that was obstructing traffic. It was unknown whether the occupants of the vehicles were injured. Chief Crow testified that faced with those facts, Officer Tunis was authorized to run a "Code 3" with his emergency lights and sirens activated. Viewing the evidence in the light most favorable to appellants, we conclude that appellants have not raised a fact question as to whether Officer Tunis was responding to an emergency call. *See Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d 236, 239 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that a dispatch call requesting assistance with a wanted person was an emergency call when the officer testified without contradiction that law enforcement officers consider such a request to be an emergency); *see also Harris County v. Spears*, No. 14-17-00662-CV, 2018 WL 4571841, at *4–5 (Tex. App.—Houston [14th Dist.] Sept. 25, 2018, no pet.) (mem. op.) (concluding that the evidence established that a "priority two" response presented an emergency situation and that the claimant failed to raise a fact issue that the officer was responding to an emergency at the time of the collision). We must next evaluate the evidence concerning whether Officer Tunis failed to comply with the

applicable law or acted with reckless disregard for the safety of others. *See Quested*, 440 S.W.3d at 284.

## 2. Reckless Conduct

Appellants argue that a "genuine issue of material fact exists as to whether the officer's conduct was reckless." Appellants maintain that Officer Tunis "acted in a reckless manner by speeding through an intersection, failing to see [appellants'] vehicle passing in front of him, and failing to slow down to an appropriate speed to avoid the accident." The City responds by noting that Officer Tunis travelled through the intersection on a green light according to multiple witnesses and Officer Tunis himself. The City also points out that Officer Tunis was travelling with his emergency lights and siren activated and that it was reasonable to believe that other drivers would yield under the circumstances.

"A governmental entity is liable for damages resulting from the emergency operation of an emergency vehicle if the operator acted recklessly; that is, if the operator 'committed an act that the operator knew or should have known posed a high degree of risk of serious injury' but did not care about the result." *Perez v. Webb County*, 511 S.W.3d 233, 236 (Tex. App.—San Antonio 2015, pet. denied) (quoting *Martin*, 971 S.W.2d at 430); *see Hartman*, 201 S.W.3d at 672 n.19.

It is undisputed that Officer Tunis was travelling between forty-five and forty-nine miles per hour in the moments preceding the collision and that he did not slow his vehicle before proceeding through the intersection. Given these circumstances, whether or not Officer Tunis had a green light is a critical fact in determining recklessness. While the

10

law permits an emergency responder to "proceed past a red or stop signal or stop sign," he may do so only "after slowing as necessary for safe operation." TEX. TRANSP. CODE ANN. § 546.001. Officer Tunis maintained that he travelled through an intersection on a green light with his emergency lights and sirens activated and after confirming that the intersection was clear. His account is supported by the statements of multiple witnesses to the accident. Under this version of events, we would agree that the evidence does not establish that Officer Tunis's conduct was reckless.

However, viewing the evidence in the light most favorable to appellants, as we must, we note that both Alejandra and her passenger Yarely maintained that Alejandra had the green light when she entered the intersection. Under this version of events, Officer Tunis drove through the intersection on a red light without slowing his vehicle or waiting for the cross-traffic to yield. This evidence raises a fact issue as to whether Officer Tunis's conduct was reckless. *See Martin*, 971 S.W.2d at 430; *Perez*, 511 S.W.3d at 236.

If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d. at 227–28. A genuine issue of material fact exists concerning whether Officer Tunis's conduct was reckless. Therefore, we hold that the trial court erred in granting the City's plea to the jurisdiction. *See Perez*, 511 S.W.3d at 236 (holding that the evidence raised a fact issue as to whether the officer drove recklessly when he drove through an intersection knowing he had a blind spot); *cf. City of San Antonio v. Reyes*, No. 04-16-00748-CV, 2017 WL 3701772, at *3 (Tex. App.—San Antonio Aug. 23, 2017, no pet.) (mem. op.) (concluding

11

that there was no fact issue as to whether the officer was reckless where he slowed his patrol car when he approached traffic lights, engaged his emergency lights and sirens at all times, and proceeded through each intersection only after visually checking each for traffic); *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99–100 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that the officer's actions in entering an intersection with activated lights and siren to respond to a house fire were not taken with conscious disregard or reckless indifference to safety when the officer slowed down before entering the intersection and colliding with the plaintiff); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 701–02 (Tex. App.—Austin 2005, no pet.) (concluding there was no evidence of recklessness when the officer significantly slowed as he was reaching an intersection and his speed through the intersection was approximately ten miles per hour).

We sustain appellants' first issue.[3]

---

[3] Appellants also challenge the trial court's judgment to the extent it was based on immunity that was derivative of Officer Tunis's official immunity. Under the TTCA, a governmental unit may only be liable to a claimant when "the [negligent] employee would be personally liable to the claimant." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(B). Therefore, when an employee is entitled to official immunity, the government retains its sovereign immunity as well. *See DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995). Official immunity is an affirmative defense. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 465 (Tex. 1997); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Therefore, the defendant bears the burden of establishing all the elements of official immunity. *Chambers*, 883 S.W.2d at 653. If it does, then the burden shifts to the plaintiff to rebut the evidence with proof of the defendant's bad faith. *Tex. Dep't of Pub. Safety v. Rodriguez*, 344 S.W.3d 483, 488–89 (Tex. App.—Houston [1st Dist.] 2011, no pet.). But if "the government official does not prove each element of official immunity, the burden never shifts to the plaintiff to come forward with controverting evidence." *Id*. Official immunity was not raised in the City's plea to the jurisdiction, and it was never considered by the trial court. Because the City did not attempt to establish the defense in the trial court, it never shifted the burden to appellants to present controverting evidence. We recognize that jurisdictional issues may generally be raised for first time on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). However, we believe it is inappropriate to address the viability of an official immunity defense under this procedural posture, and we decline to do so.

12

## V.   CONCLUSION

We reverse the trial court's order granting the City's plea to the jurisdiction and remand the case for further proceedings consistent with this memorandum opinion.

LETICIA HINOJOSA
Justice

Dissenting Memorandum Opinion by
Justice Tijerina

Delivered and filed the
30th day of January, 2020.